VIRELLA, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing To Record a Possessory Title.

No. 328.—Decided July 27, 1917.

POSSESSORY TITLE—TAXES—CONJUGAL PARTNERSHIP.—Although rule 4 of article 391 of the Mortgage Law provides that in possessory title proceedings the person interested must show that he pays taxes as owner, nevertheless when the property whose possession it is sought to prove was acquired by the petitioner during coverture, the taxes paid by the husband for her account, he being the manager of the conjugal partnership, are considered as paid also by his wife. Therefore a certificate of the treasurer showing that the husband paid the taxes is sufficient to prove that the payment was made by the wife.

ID.—POWERS OF REGISTRAR.—If it is not shown in the record that the lot involved forms a part of a larger property on which the husband pays taxes, that question cannot be made the subject of inquiry and decision by the registrar, for the court having held that the possession was proved and the payment of taxes being one of the requisites essential to such holding, this action on the part of the registrar would be equivalent to a consideration of the exactness of the grounds on which the court based its decision, and the power of the registrar does not extend that far.

The facts are stated in the opinion.
*Mr. Francisco González* for the appellant.
The respondent appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

Elvira Virella Yong instituted proceedings to prove her possession of a lot 17.55 meters in front by 19.22 meters in

depth on Alfonso XII Street of the Playa in the ward of Punta dé Santiago of the municipality of Humacao, alleging in her petition that she purchased the said lot while married to Demetrio Garófalo and that the taxes thereon are included in the assessment of other houses and lots in the name of her husband. From an accompanying certificate issued by the Treasurer of Porto Rico it appears that Demetrio Garófalo pays taxes on a property of 13.62 acres of land in Punta de Santiago ward of Humacao.

The court having approved the possessory title proceedings and ordered the record thereof in the registry of property, the registrar refused to admit the same to record when the original papers were presented for that purpose, on the sole ground that it had not been proved that the petitioner paid taxes as owner, for the certificate exhibited showed only that Demetrio Garófalo appears as paying taxes on a larger property, citing article 391 of the Mortgage Law and decisions of the General Directorate of Registries of Spain.

Elvira Virella took the present administrative appeal from the said ruling of the registrar, praying for a reversal of the decision and for an order that the record be made as requested.

Although said article 391 provides in subdivision 4 that it must be shown in possessory title proceedings that the person interested pays the taxes as owner, we are of the opinion that inasmuch as the lot in question was purchased while the petitioner was married to Demetrio Garófalo and, therefore, is to be regarded as community property, the taxes paid thereon by the husband, who is the manager of the conjugal partnership, must be considered as also paid by his wife, wherefore the certificate exhibited is sufficient to prove the payment of the taxes by the wife.

If there was no showing in the proceedings that the lot in question is included in the property of 13.62 acres on which Garófalo pays taxes, as maintained by the registrar in his brief, this question can not be made the subject of his inves-

tigation and opinion; for, inasmuch as the court held that the possession was proved and the payment of taxes is one of the necessary elements to justify such holding, the action of the registrar would be equivalent to a revision of the validity of the grounds on which the decision of the court is based, and, as we held in the cases of *Ramírez* v. *Registrar*, 16 P. R. R. 330; *Fernández* v. *Registrar*, 17 P. R. R. 1021, and *Crehore* v. *Registrar*, 22 P. R. R. 597, the registrar has no such authority.

For the foregoing reasons the decision appealed from is reversed and the record of the possessory title ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.